UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHRIS WALTERS,      :

       Plaintiff,    :

v.      :    Civil Action No.    **09 1060**

     :

BANK OF AMERICA, *et al.*,    :

       Defendants.    :

## MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss the complaint.

It appears that plaintiff spent a portion of his disability benefits, which had been deposited in an account with Bank of America, to purchase tickets to travel by train and by bus. He alleges that he was hospitalized for treatment of deep vein thrombosis because of the carriers' "failure to provide adequate leg space." Compl. at 3 (page number designated by the Court). Plaintiff charges defendants with deprivation of rights and criminal contempt under 18 U.S.C. §§ 242 and 402. *Id.*

The Court will dismiss the complaint in its entirety because it fails to state claims upon which relief can be granted. There is no private right of action under the criminal statutes cited. *See generally Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (noting that private citizens cannot compel enforcement of criminal law); *see also Lynch v. Bulman*, No. 06-1018, 2007 WL 2993612, at *1 (10th Cir. Oct. 15, 2007) (per curiam) (concluding that "[t]he district court properly rejected [plaintiff's] claim that Defendants violated 18 U.S.C. §§ 241 and 242 [because]

1

[t]hese statutes do not provide him with a private cause of action"); *Rockefeller v. Rehnquist*, No. 03-5282, 2004 WL 210649, at \*1 (D.C. Cir. Jan. 30, 2004) (per curiam) (affirming dismissal of complaint, in part, on the grounds of "the lack of a private cause of action under 18 U.S.C. §§ 242 and 371"), *cert. denied*, 543 U.S. 870 (2004).

An Order consistent with this Memorandum is issued separately on this same date.

Rosemary M Colly

United States District Judge

DATE: 29 May 2009

2